**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

SALIM HAJIANI,

      Plaintiff,

vs.

FRESH EXPRESS INCORPORATED,

      Defendant.

Civil Action No.

**NOTICE OF REMOVAL**

COMES NOW, Defendant Fresh Express, Inc. ("Defendant"), by and through undersigned counsel, and respectfully submits this Notice of Removal to the United States District Court for the Northern District of Georgia, Atlanta Division. Defendant does not waive any available defenses and, in fact, specifically preserves the right to later object and move on the basis of all available defenses. The grounds in support of this Notice of Removal are as follows:

1.    **The Superior Court Action.** Plaintiff filed his Complaint on August 28, 2023 in the Superior Court of Gwinnett County, Georgia, under case number 23A-07382-10 ("Superior Court Action"). Pursuant to 28 U.S.C. §1446(a), copies of the pleadings served on Defendant are attached hereto as Exhibit A. Defendant certifies that no other pleadings, process or orders have been served on it at the time this Notice is filed.

2.     Defendant was served with the Summons and the Complaint on September 13, 2023.

3.     **This Notice is Timely Pursuant to 28 U.S.C. § 1446(b).** This Notice of Removal of Civil Action is timely pursuant to 28 U.S.C. § 1446(b) because the Superior Court Action is being removed within the statutory 30-day period after the date that Defendant was served with the original Complaint.

4.     **Removal is Appropriate.** Pursuant to 28 U.S.C. § 1331, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

5.     Plaintiff has pled the following federal causes of action: discrimination in violation 42 U.S.C. § 1981 and discrimination in violation of Title VI of the Civil Rights Act of 1964. These causes of action arise under the laws of the United States and therefore this district court has federal question jurisdiction over the action.

6.     To the best of Defendant's knowledge, no other defendant has been served with the Complaint and, as such, Defendant is unaware of any objections of any other defendant to removal.

7.     **Supplemental Jurisdiction.**  28 U.S.C. §1367 states:

(a)     Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action

within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

8.      In this case, as this Court has original jurisdiction over the federal question claims, it also has supplemental jurisdiction over the state law breach of contract and intentional infliction of emotional distress claims asserted in Plaintiff's Complaint. As explained in Defendant's forthcoming Motion to Dismiss, all four claims should be dismissed; in any event, the entire case is transferrable based on federal question and supplemental jurisdiction.

9.      **Notice Filed in State Court.** In accordance with the requirements of 28 U.S.C. § 1446(d), upon filing this Notice, Defendant will give written notice to Plaintiff and the Clerk of the Superior Court of Gwinnett County, Georgia, that this action has been removed to federal court by furnishing copies of this Notice and all attachments hereto. A copy of the Notice of Filing Notice of Removal (without exhibits) is attached as Exhibit B.

WHEREFORE, because the Complaint pleads federal causes of action and this Court has federal question jurisdiction and supplemental jurisdiction over the claims in this matter, Defendant prays that the Superior Court Action be removed to the United States District Court for the Northern District of Georgia.

3

This 11th day of October, 2023.

/s/ Todd C. Duffield
Todd C. Duffield
Georgia Bar No. 141905
todd.duffield@ogletree.com
Kady D. D'Amico
Georgia Bar No. 281016
kady.damico@ogletree.com

OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
191 Peachtree Street, N.E., Suite 4800
Atlanta, Georgia 30303
Telephone:  (404) 881.1300
Facsimile:   (404) 870.1732

**Attorneys for Defendant**

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

SALIM HAJIANI,

     Plaintiff,

vs.

FRESH EXPRESS INCORPORATED,

     Defendant.

Civil Action No.

## CERTIFICATE OF SERVICE

It is hereby certified that on this 11th day of October, 2023, I have filed the foregoing **Notice of Removal** via the Court's CM/ECF system and have served a copy of the document via FedEx to Plaintiff at the following address:

Salim Hajiani
3267 Buford Highway, NE #710
Atlanta, GA  30329

/s/ *Todd C. Duffield*
Todd C. Duffield
GA Bar No. 141905

5

58377650.v1-OGLETREE